RECEIVED
IN LAKE CHARLES, LA
NOV 18 2013
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TALEN'S MARINE & FUEL, L.L.C., | * | CIVIL ACTION NO. 2:13-CV-920 |
| **Plaintiff** | * | |
| V. | * | |
| | * | JUDGE MINALDI |
| GLOBAL SALES AGENCY, INC., *in personam*, and M/V ALPHA HELIX, *in rem* | * | |
| **Defendants** | * | MAGISTRATE JUDGE KAY |

*************************************************************

## MEMORANDUM RULING

Before the court is the plaintiff's Motion for a Default Judgment [Doc. 12], seeking an entry of judgment by default against Global Sales Agency, Inc. (defendant), in the amount of THIRTY SIX THOUSAND SIX HUNDRED TWENTY-THREE 60/100 ($36,623.60), in addition to contractual interest at a rate of eighteen percent (18%) annually calculated from the date the amount became due until paid, and contractual and statutory attorney's fees in the amount of THREE THOUSAND THREE HUNDRED TWENTY FIVE 00/100 ($3,325.00).[1] For the following reasons, the plaintiff's Motion is **GRANTED**, and a judgment of default is hereby entered against the defendant.

### FACTS AND PROCEDURAL HISTORY

Pursuant to an April 28, 2012, agreement between the parties, the plaintiff agreed to provide fuel and provisions to the defendant vessel as needed, with payment for such supplies due monthly upon receipt of the invoice for supplies. The plaintiff has attached unpaid invoices evidencing the indebtedness of the defendant to the plaintiff in connection with this agreement.[2]

---

[1] *See* Aff. of Attorney's Fees [Doc. 10-5].
[2] *See* Ex. 1 [Doc. 1-1], at 1 – 2.

1

On November 30, 2012, the plaintiff made amicable demand of the defendant by certified mail.[3] To date, the defendant has responded neither to this letter nor to the instant suit.

The plaintiff herein, a Louisiana limited liability company, filed suit on May 3, 2013, against the defendant, *in personam*, and against the defendant marine vessel, the M/V Alpha Helix, *in rem*, invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331, as well as 28 U.S.C. § 1333 and 46 U.S.C. § 31342. Service was made upon the defendant's registered agent on May 16, 2013.

On July 26, 2013, the plaintiff moved for the entry of a preliminary default.[4] The clerk of court subsequently filed a Notice of Entry of Default [Doc. 8] against the defendant into the record on July 29, 2013.

The plaintiff filed its Motion for Judgment by Default [Doc. 10] on September 4, 2013. However, a default judgment was not thereafter granted because there was some question as to whether the defendant had been properly served. The Magistrate Judge noted in her Electronic Order of September 19, 2013[5] that the plaintiff's Motion stated that service occurred at 1909 Marvin Circle, Seabrooks, Texas, 77256, while the defendant's registered agent for service of process was listed as Johnny R. Harrison of 1500 Marina Bay Drive, Building 55, Suite 1551, Clear Lake Shores, Texas. The Magistrate Judge ordered the clerk to recall the entry of default until such time as proper service could be established.

Shortly thereafter, on September 23, 2013, the plaintiff filed a Supplemental and Amended Motion for Judgment by Default [Doc. 12] in which the plaintiff brought forth an Amended Proof of Service [Doc. 12-1] in which the process server had explained that the first attempt at service at the Marina Bay Drive address led to his being informed that the defendant's

---

[3] Nov. 30, 2012, Letter from Robert A. Robertson to J.R. Harrison [Doc. 1-2].
[4] Mot. for Preliminary Default [Doc. 7].
[5] Electronic Order denying [10] Mot. for Default J. [Doc. 11].

2

business had moved to the Marvin Circle address. Personal service was carried out on Mr. Harrison, the defendant's registered agent, on May 16, 2013. As a result, the clerk again issued a Notice of Entry of Default [Doc. 17] on October 10, 2013.

## LAW & ANALYSIS

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. PRO. 55(a). After a period of fourteen days following the Clerk's entry of default, a party may move for a default judgment under Rule 55(b).

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

FED. R. CIV. PRO. 55(b)(1).

The defendant has been properly served, and has failed to file an answer or otherwise plead or defend the instant lawsuit. The applicable time delays have elapsed. However, the plaintiffs have not made a showing that a sum certain is due by providing an affidavit showing the amount due as required by Rule 55(b)(1), except as to attorney's fees.[6] While the affidavit of plaintiff's counsel [Doc. 10-2] attests to the fact that service was properly carried out upon the defendant, the attached invoices[7] are not affidavit evidence. Thus, while the attorney's fees properly fall under the province of Rule 55(b)(1), the damages for breach of contract are properly pursued under Rule 55(b)(2).

---

[6] See Aff. of Attorney's Fees [Doc. 10-5]. See also LA. REV. STAT. ANN. § 9:2781, which provides for the recovery of attorneys' fees in suits on open accounts.
[7] See [Doc. 10-3].

Rule 55(b)(2) governs the manner in which a default judgment may be entered by the court in the absence of affidavit evidence showing a plaintiff's claim for a sum certain, and states that the "court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." FED. R. CIV. PRO. 55(b)(2). "Nevertheless, Rule 55(b)(2) 'gives the judge wide latitude in determining whether such a hearing will be beneficial.'" *Boyd v. Dill*, No. 09-0021, 2011 U.S. Dist. LEXIS 39969, at *8 (W.D. La. Apr. 1, 2011) (*citing James v. Frame (In re Frame)*, 6 F.3d 307, 311 (5th Cir. 1993)). "While a plaintiff is not entitled to a default judgment as a matter of right, the Court accepts the well-pleaded allegations of fact in the plaintiff's complaint in determining whether default judgment should be entered." *Id.* (*citing Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (stating that a "defendant, by his default, admits the plaintiff's well pleaded allegations of fact").

Here, the record indicates that the defendant received a demand letter seeking the payment of amounts owed to the plaintiff, and service has been made upon the defendant's registered agent for service of process. The defendant has elected not to contest either the amount due nor the allegations in the complaint, despite being fully aware of the suit proceeding against it. Under these facts, the court does not think a hearing in this matter would be beneficial, and, accepting the allegations of fact set forth in the complaint as true, the court finds that the granting of a default judgment would be appropriate at this time. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Judgment by Default be and hereby is **GRANTED.** An entry of **JUDGMENT BY DEFAULT** against the defendant is hereby entered, and the plaintiff is hereby awarded damages in the amount of THIRTY SIX

THOUSAND SIX HUNDRED TWENTY-THREE 60/100 ($36,623.60), in addition to contractual interest at a rate of eighteen percent (18%) annually calculated from the date the amount became due until paid, and contractual and statutory attorney's fees in the amount of THREE THOUSAND THREE HUNDRED TWENTY FIVE 00/100 ($3,325.00).

Lake Charles, Louisiana, this 15 day of November, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT